BRYAN SCHRODER
United States Attorney

ADAM ALEXANDER
Assistant United States Attorney
Federal Building & U.S. Courthouse
222 West 7th Avenue, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: adam.alexander@usdoj.gov

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:19-cr-00038-SLG-DMS |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | **PLEA AGREEMENT** |
| LEE JOHN SCRENOCK, | ) ) ) | |
| Defendant. | ) ) ) | |

      **Unless the parties jointly inform the Court in writing of any additional agreements, this document in its entirety contains the terms of the plea agreement between the defendant and the United States. This agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.**

## I. SUMMARY OF AGREEMENT, FEDERAL RULE OF CRIMINAL PROCEDURE 11

### A. Summary of Agreement

The defendant agrees to plead guilty to the following counts of the Indictment in this case: Counts: 1 - Misrepresentation of Indian Produced Goods and Products, in violation of 18 U.S.C. § 1159(a); and 2 - Marine Mammal Protection Act (MMPA), in violation of 16 U.S.C. § 1372, 1375 (misdemeanor). Count 3 of the Indictment will be dismissed by the United States at sentencing. Mr. Screnock agrees to forfeit the wildlife products seized during the execution of the search warrant at his business. Mr. Screnock further agrees to write a letter of apology, pay restitution as ordered by the court, and serve 100 community work service hours.. Mr. Screnock also agrees not to deal in any wildlife products during the period of any term of supervised release or probation imposed by the court in this matter.

The United States agrees to recommend a sentence at the low end of the applicable advisory guideline range as calculated and adopted by the court, and to non-oppose Mr. Screnock serving any period of incarceration imposed by the Court in home confinement or community detention, or a condition or combination of conditions of probation requiring intermittent confinement, community confinement or home detention. The United States agrees not to prosecute the defendant further for any other offense related to the events that resulted in the charges contained in the Indictment.

The defendant will waive all rights to appeal the convictions and sentence imposed under this agreement. The defendant will also waive all rights to collaterally attack the

convictions and sentence, except on the grounds of ineffective assistance of counsel or the voluntariness of the pleas.

### B. Federal Rule of Criminal Procedure 11

Unless the parties otherwise inform the Court in writing, Federal Rule of Criminal Procedure 11(c)(1)(A) and (B) will control this plea agreement. Thus, the defendant may not withdraw from this agreement or the guilty pleas if the Court rejects the parties' sentencing recommendations at the sentencing hearing.

## II. CHARGES, ELEMENTS, FACTUAL BASIS, STATUTORY PENALTIES AND OTHER MATTERS AFFECTING SENTENCE

### A. Charges

#### 1. The defendant agrees to plead guilty to the following count(s) of the Indictment:

Count 1: Misrepresentation of Indian Produced Goods and Products, a violation of 18 U.S.C. § 1159(a).

Count 2: Marine Mammal Protection Act (MMPA), a violation of 16 U.S.C. § 1372, 1375 (misdemeanor).

### B. Elements

The elements of the charge in Count 1 to which the defendant is pleading guilty are as follows:

1. The defendant knowingly offered and displayed items for sale in a manner that falsely suggested that the goods were Indian produced, an Indian product, or the product of a particular Indian or Indian tribe or Indian arts and craft organization;

U.S. v. Lee John Screnock
3:19-cr-00038-SLG-DMS            Page 3 of 18

2. The defendant knew that the items were not the product of a particular Indian, Indian tribe, or Indian arts and crafts organization resident within the United States; and

3. The defendant was not a member of an Indian tribe or certified as an artisan by an Indian tribe at the time the goods were offered and displayed.

The elements of the charge(s) in Count 2 to which the defendant is pleading guilty are as follows:

1. The defendant did knowingly offer to sell and did sell wildlife, to wit one polar bear skull; and

2. The purpose of the sale was other than public display, scientific research, or enhancing the survival of the species.

C. **Factual Basis**

The defendant admits the truth of the allegations in Counts 1; and 2 of the Indictment and the truth of the following statement, and the parties stipulate that the Court may rely upon this statement to support the factual basis for the guilty pleas and for the imposition of the sentence:

Agents became aware of Mr. Screnock's activities as early as 2015, when he violated the Marine Mammal Protection Act (MMPA) as charged in count two of the indictment by unlawfully selling an undercover FWS special agent a polar bear skull on October 26, 2015.

Beginning at a time unknown but no later than 2017, Mr. Screnock began producing ivory carvings for sale in his store "Arctic Treasures" in Anchorage, Alaska. He labeled many of those carvings as having been produced by an Alaska Native artisan named "Savuk." In truth and in fact there was no Native Alaskan artisan named "Savuk," and the Defendant knew that he was offering for sale the carvings in a manner that falsely suggested that the goods were Indian produced, or an Indian product, or product of a particular Indian or Indian tribe or Indian arts and crafts organization resident within the United States when he had in fact carved the items himself, knowing that he was not a member of any Federally recognized Indian tribe. In December of 2017, undercover Fish and Wildlife Agents purchased two carvings produced by the Defendant and etched with the "Savuk" name. The agents asked the Defendant if "Savuk" was Native Alaskan, to which the Defendant answered "yeah, yeah, from Point Hope." Uniformed Fish and Wildlife Inspectors then visited the Defendant at his business in February of 2018, and explicitly advised the Defendant of the Federal law relating to the sale of Indian Arts and Crafts.

In March 2018, undercover Fish and Wildlife agents again visited the Defendant at his business, at which time the Defendant again sold items bearing the false "Savuk" name, and represented that those items had been carved by an Alaska Native artisan from Point Hope when he knew that he had carved the items himself, and knowing that he had no affiliation with any federally recognized Indian tribe, and knowing that Federal law prohibited such sale. In June of 2018 agents of the United States Fish and Wildlife Service executed a search warrant at the Defendant's place of business, seizing over 450

U.S. v. Lee John Screnock
3:19-cr-00038-SLG-DMS            Page 5 of 18

items produced by the Defendant and etched with the "Savuk" name to falsely suggest that the goods were Indian produced when offered and displayed for sale. The seized items had a retail value exceeding $125,000.

### D. Statutory Penalties and Other Matters Affecting Sentence

#### 1. Statutory Penalties

The maximum statutory penalties applicable to the charges to which the defendant is pleading guilty, based on the facts to which the defendant will admit in support of the guilty plea(s), are as follows:

Count 1: 18 U.S.C. § 1159(a) (Misrepresentation of Indian Produced Goods and Products)

1) Imprisonment for not more than five years;;

2) A fine not exceeding $250,000; and

3) A period of supervised release not exceeding three years.

Count 2: 16 U.S.C. § 1372, 1375 (Marine Mammal Protection Act)

1) Imprisonment for not more than one year;

2) A fine not exceeding $ $100,000 [per 18 USC 3571].

#### 2. Other Matters Affecting Sentence

##### a. Conditions Affecting the Defendant's Sentence

The following conditions may also apply and affect the defendant's sentence: 1) pursuant to Comment 7 of U.S.S.G. § 5E1.2, the Court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term; 2) pursuant to 18 U.S.C.§ 3612(f), unless otherwise ordered, if the Court imposes a fine of

more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date; 3) upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release; 4) the Court may order the defendant to pay restitution pursuant to the 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1, and if 18 U.S.C. § 3663A (mandatory restitution for certain crimes) applies, the Court shall order the defendant to pay restitution.

### b. Payment of Special Assessment

The defendant agrees to pay the entire special assessment in this case on the day the Court imposes the sentence. All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

### c. Consequences of Felony Conviction

Any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps, welfare or other forms of public assistance, as well as the right to own or possess any firearms, the right to vote, the right to hold public office, and the right to sit on a jury. If applicable, any defendant who is not a United States citizen may be subject to deportation from the United States following conviction for a criminal offense, be denied citizenship, and not permitted to return to the United States unless the defendant specifically receives the prior approval of the United States Attorney General. In some circumstances, upon conviction for a

criminal offense, any defendant who is a naturalized United States citizen may suffer adverse immigration consequences, including but not limited to possible denaturalization.

### E. Restitution

The defendant agrees that the Court will order restitution to the following victim(s), to be determined at sentencing. Restitution can be directed to the Indian Arts and Crafts Board.

### F. Forfeiture

The defendant hereby warrants that the defendant is the sole and exclusive owner of the seized property described in Addendum A and that there are no claims to, or liens or encumbrances on those items. Defendant knowingly and voluntarily waives his rights pursuant to Rule 32.2(a) and admits that Defendant's interest in the seized property listed in Addendum A is forfeited as a result of the offenses of conviction, pursuant to 16 U.S.C. §§ 1376, 1377(d) and (e) and 3374, .

Defendant agrees that the conduct described in the Factual Basis paragraph is a sufficient factual and statutory basis for the forfeiture of the property listed in the above paragraph, including the requisite nexus between the property listed above and the crimes to which the defendant is pleading guilty.

The defendant agrees not to file a claim or withdraw any claim already filed to any of the above referenced property in any forfeiture proceeding, whether initiated by state, local, federal, criminal, administrative or civil, which has been or may be initiated by the United States or any other entity.

The defendant further waives the right to notice of any forfeiture proceeding involving this property, agrees not to assist others in filing a claim to said property in any forfeiture proceeding, and will take all steps as requested by the United States to pass clear title to the above referenced property to the United States.

## III. ADVISORY UNITED STATES SENTENCING GUIDELINES, GUIDELINE APPLICATION AGREEMENTS, SENTENCING RECOMMENDATIONS

### A. Advisory United States Sentencing Guidelines

The Court must consult the advisory United States Sentencing Commission Guidelines [U.S.S.G.] as well as the factors set forth in 18 U.S.C. § 3553(a) when considering the sentence to impose. The U.S.S.G. do not establish the statutory maximum or minimum sentence applicable to the offense(s) to which the defendant is pleading guilty. The U.S.S.G. are not mandatory and the Court is not bound to impose a sentence recommended by the U.S.S.G.

### B. Guideline Application Agreements

The parties have no agreements on any guideline applications unless set forth below in this section.

#### 1. Acceptance of Responsibility

If the United States concludes that the defendant has satisfied the criteria set out in U.S.S.G. § 3E1.1 and the applicable application notes, the United States agrees to recommend the defendant for a two level downward adjustment for acceptance of responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move for the additional one level adjustment for acceptance of responsibility. If, at any time prior to imposition of the

U.S. v. Lee John Screnock
3:19-cr-00038-SLG-DMS          Page 9 of 18

sentence, the United States concludes that the defendant has failed to fully satisfy the criteria set out in U.S.S.G. § 3E1.1, or has acted in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

### C. Sentencing Recommendations

The United States Probation Office will prepare the defendant's pre-sentence report in which it will include a recommended calculation of the defendant's sentence range under the U.S.S.G. Both the United States and the defendant will have the opportunity to argue in support of or in opposition to the guideline sentence range calculation the U.S.P.O. recommends, as well as present evidence in support of their respective sentencing arguments.

The defendant agrees to forfeit all items seized. The United States agrees to recommend a sentence at the low end of the advisory guideline range as calculated and adopted by the court. The parties are free to recommend to the Court their respective positions on the appropriate sentence to be imposed in this case based on the stipulated facts set forth in Section II.C, any additional facts established at the imposition of sentence hearing, the applicable statutory penalty sections, the advisory U.S.S.G., and the sentencing factors set forth in 18 U.S.C. § 3553.

## IV. ADDITIONAL AGREEMENTS BY UNITED STATES

In exchange for the defendant's guilty pleas and the Court's acceptance of the defendant's pleas and the terms of this agreement, the United States agrees that it will not prosecute the defendant further for any other offense – now known – arising out of the

U.S. v. Lee John Screnock
3:19-cr-00038-SLG-DMS              Page 10 of 18

subject of the investigation related to the charges brought in the Indictment in this case and the defendant's admissions set forth in Section II.C.

Provided, however, if the defendant's guilty pleas or sentence is/are rejected, withdrawn, vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated as well as for perjury and false statements. The defendant hereby agrees that he waives any defense that the statute of limitations bars the prosecution of such a reinstated charge.

## V. WAIVER OF TRIAL RIGHTS, APPELLATE RIGHTS, COLLATERAL ATTACK RIGHTS, CLAIM FOR ATTORNEY FEES AND COSTS, AND RULE 410

### A. Trial Rights

Being aware of the following, the defendant waives these trial rights:

- If pleading to an Information, the right to have the charges presented to the grand jury prior to entering the guilty plea;
- The right to a speedy and public trial by jury on the factual issues establishing guilt or any fact affecting the mandatory minimum and statutory penalties, and any issue affecting any interest in any assets subject to forfeiture;
- The right to object to the composition of the grand or trial jury;
- The right to plead not guilty or to persist in that plea if it has already been made;

- The right to be presumed innocent and not to suffer any criminal penalty unless and until the defendant's guilt is established beyond a reasonable doubt;

- The right to be represented by counsel at trial and if necessary to have a counsel appointed at public expense to represent the defendant at trial – the defendant is not waiving the right to have counsel continue to represent the defendant during the sentencing phase of this case;

- The right to confront and cross examine witnesses against the defendant, and the right to subpoena witnesses to appear in the defendant's behalf;

- The right to remain silent at trial, with such silence not to be used against the defendant, and the right to testify in the defendant's own behalf; and

- The right to contest the validity of any searches conducted on the defendant's property or person.

**B.   Appellate Rights**

The defendant waives the right to appeal the convictions resulting from the entry of guilty pleas to the charges set forth in this agreement. The defendant further agrees that if the Court imposes a sentence that does not exceed the statutory maximum penalties – as set forth in Section II.D above in this agreement, the defendant waives without exception the right to appeal on all grounds contained in 18 U.S.C. § 3742 the sentence the Court imposes. The defendant understands that this waiver includes, but is not

limited to, forfeiture (if applicable), terms or conditions of probation (if applicable) or supervised release, any fines or restitution, and any and all constitutional (or legal) challenges to defendant's convictions and guilty pleas, including arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

The defendant agrees that the appellate and collateral attack waivers contained within this agreement will apply to any 18 U.S.C. § 3582(c) modifications, as well as the district court's decision to deny any such modification.

Should the defendant file a notice of appeal in violation of this agreement, it will constitute a material breach of the agreement. The government is free to reinstate any dismissed charges, and withdraw any motions for downward departures, or sentences below the mandatory minimum made pursuant to 18 U.S.C. § 3553(e).

### C. Collateral Attack Rights

The defendant agrees to waive all rights to collaterally attack the resulting convictions and/or sentence – including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution – the Court imposes. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to the conviction or sentence alleging ineffective assistance of counsel – based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the defendant at the time the Court imposes sentence; and 2) a challenge to the voluntariness of the defendant's guilty pleas.

D.  **Claim for Attorney Fees and Costs**

Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney fees and costs from the other party.

E.  **Evidence Rule 410 and Fed. R. Crim. P. 11(f)**

By signing this agreement, the defendant admits the truth of the facts in the Factual Basis portion of this agreement set forth in Section II.C. The defendant agrees that the statements made by him in signing this agreement shall be deemed usable and admissible against the defendant as stipulations in any hearing, trial or sentencing that may follow. The foregoing provision acts as a modification, and express waiver, of Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(f), and is effective upon the defendant's in-court admission to the factual basis supporting the pleas. This provision applies regardless of whether the court accepts this plea agreement.

F.  **Potential Plea before Magistrate Judge**

The defendant has the right to enter a plea before a United States District Court Judge. The Defendant, defense counsel, and the attorney for the Government consent to have the Defendant's plea(s) taken by a United States Magistrate Judge pursuant to Fed. R. Cr. P. 11 and 59. The parties understand that if the Magistrate Judge recommends that the plea(s) of guilty be accepted, a pre-sentence investigation report will be ordered pursuant to Fed. R. Crim. P. 32. The parties agree to file objections to the Magistrate Judge's Report and Recommendation within seven calendar days, thereby shortening the time for objections set forth in Fed. R. Crim. P. 59. The District Court Judge will decide whether to accept this plea agreement at the time it imposes sentence in the case. The

defendant agrees that if the defendant is pleading guilty to an offense described in Title 18, United States Code, Section 3142(f)(1)(A), (B), or (C) (involving a crime of violence, a crime punishable by a maximum sentence of life or death, or a Title 21 controlled substance offense for which the maximum sentence is ten years or more), that the defendant will remand into custody on the day that he agrees in court to the factual basis supporting the plea. The defendant further agrees not to seek release at any time between the date of the guilty plea before the Magistrate Judge and the date of imposition of sentence before the District Court Judge.

## VI. ADEQUACY OF THE AGREEMENT

Pursuant to Local Criminal Rule 11.2(d)(7) and (8), this plea agreement is appropriate in that it conforms with the sentencing goals that would otherwise be applicable to the defendant's case if the defendant had gone to trial and had been convicted on all counts in the charging instrument.

## VII. THE DEFENDANT'S ACCEPTANCE OF THE TERMS OF THIS PLEA AGREEMENT

I, Lee John Screnock, the defendant, affirm this document contains all of the agreements made between me – with the assistance of my attorney – and the United States regarding my pleas. There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement. If there are any additional promises, assurances, or agreements, United States and I will jointly inform the Court in writing before I enter my guilty pleas.

I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the Court may impose if I plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the Court when I stand before it to enter my plea.

I enter into this agreement understanding and agreeing that the conditions set forth herein are obligatory and material to this agreement and that any failure on my part to fulfill these obligations will constitute a material breach of this agreement. If I breach this agreement, I agree the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, at an appropriate hearing, during which I agree any of my disclosures will be admissible, the Court will determine whether or not I have violated the terms of this agreement. I understand the government's burden to prove a breach will be by a preponderance of the evidence.

I understand the Court will ask me under an oath to answer questions about the offenses to which I am pleading guilty and my understanding of this plea agreement. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter my pleas. I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be

revealed without my permission. Knowing this, I agree that this document will be filed with the Court.

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the Court and enter my guilty pleas. My attorney and I have discussed all possible defenses to the charges to which I am pleading guilty. My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statutes applicable to my offense and sentence as well as the possible effect the U.S.S.G. may have on my sentence.

Based on my complete understanding of this plea agreement, I therefore admit that I am guilty of Counts 1 - Misrepresentation of Indian Produced Goods and Products, in violation of 18 U.S.C. § 1159(a); and 2 - Marine Mammal Protection Act (MMPA), in violation of 16 U.S.C. § 1372, 1375 of the Indictment and admit the forfeiture allegation of the Indictment in their entirety.

DATED: Sept. 13, 2019

*Lee J. Screnock*
LEE JOHN SCRENOCK
Defendant

As counsel for the defendant, I have conveyed all formal plea offers. I have discussed the terms of this plea agreement with the defendant, have fully explained the charge(s) to which the defendant is pleading guilty, the necessary elements thereto, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the defendant's competence to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: 9/13/19

GRETCHEN STAFT
Attorney for Lee John Screnock

On behalf of the United States, the following accepts the defendant's offer to plead guilty under the terms of this plea agreement.

DATED: 9/13/19

BRYAN SCHRODER
United States of America
United States Attorney

U.S. v. Lee John Screnock
3:19-cr-00038-SLG-DMS         Page 18 of 18