E. BRYAN WILSON
Acting United States Attorney

ADAM ALEXANDER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: adam.alexander@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>    v.<br><br>LEE JOHN SCRENOCK,<br><br>               Defendant. | Case No. 3:19-cr-00038-SLG<br><br>**GOVERNMENT SENTENCING MEMORANDUM** |

COMES NOW the United States of America, by and through undersigned counsel, and hereby files this Sentencing Memorandum.  For the reasons stated herein, the United States joins the sentencing recommendation of United States Probation and respectfully asks the Court to impose the recommended sentence along with the additional conditions stipulated in the plea agreement; a letter of apology; restitution payable to the Indian Arts and Crafts Board; and a special condition of probation prohibiting Mr. Screnock from

dealing in wildlife products during any term of supervised release or probation imposed by the court in this matter.  ECF 21.

I.     INTRODUCTION AND FACTUAL BACKGROUND

For many years, Mr. Screnock owned and operated the gift shop "Arctic Treasures" on Fourth Avenue in Anchorage, Alaska, as depicted below.



Agents of the United States Fish and Wildlife Service (USFWS) became aware of Mr. Screnock's unlawful activities as early as 2015, when he violated the Marine Mammal Protection Act (MMPA) as charged in count two of the indictment by unlawfully selling an undercover FWS special agent a polar bear skull on October 26, 2015.

Beginning at a time unknown but no later than 2017, Mr. Screnock began producing ivory carvings for sale in his store. He labeled many of those carvings as having been produced by an Alaska Native artisan named "Savuk." In truth and in fact there was no Native Alaskan artisan named "Savuk," and the Defendant knew that he was offering for sale the carvings in a manner that falsely suggested that the goods were Indian produced, or an Indian product, or product of a particular Indian or Indian tribe or Indian arts and crafts organization resident within the United States when he had in fact carved the items himself, knowing that he was not a member of any Federally recognized Indian tribe.

In December of 2017, undercover FWS Agents purchased two carvings produced by the Defendant and etched with the "Savuk" name. The agents asked the Defendant if the purported artisan "Savuk" was Native Alaskan, to which the Defendant answered "yeah, yeah, from Point Hope." Uniformed Fish and Wildlife Inspectors then visited the Defendant at his business in February of 2018, and explicitly advised the Defendant of the Federal law relating to the sale of Indian Arts and Crafts.

In March 2018, undercover FWS agents again visited the Defendant at his business, at which time the Defendant again sold items bearing the false "Savuk" name, and represented that those items had been carved by an Alaska Native artisan from Point Hope when he knew that he had carved the items himself, and knowing that he had no affiliation with any federally recognized Indian tribe, and knowing that Federal law prohibited such sale. In June of 2018 agents of the United States Fish and Wildlife Service executed a search warrant at the Defendant's place of business, seizing over 450

items produced by the Defendant and etched with the "Savuk" name to falsely suggest that the goods were Indian produced when offered and displayed for sale. The hundreds of seized items, some of which are depicted below, had a retail value exceeding $125,000.



## II.  SENTENCING CALCULATION

   a. Statutory Maximum Sentence

The penalties for Count 1: 18 U.S.C. § 1159(a) (Misrepresentation of Indian Produced Goods and Products) are as follows; imprisonment for not more than five years; a fine not exceeding $250,000; and a period of supervised release not exceeding three years.

The penalties for Count 2: 16 U.S.C. § 1372, 1375 (Marine Mammal Protection Act) are imprisonment for not more than one year, and a fine not exceeding $100,000, per 18 USC 3571.

Page 4 of 7

Govt. Sent. Memo.
United States v. Screnock
3:19-cr-00038-SLG

Case 3:19-cr-00038-SLG   Document 45   Filed 03/03/21   Page 4 of 7

b. Sentencing Guidelines Calculation

The Probation Officer correctly calculated the total offense level as 12. ECF 31 (PSR) ¶ 32.

c. The Probation Officer's Recommended Sentence

The Probation Officer recommends concurrent five-year and one-year terms of probation for counts one and two, respectively; a $1,500 fine for count one and a $1,000 fine for count two; and a $100 and $25 special assessment respectively. Probation further recommends special conditions of probation requiring 400 hours of community work service and a six-month term of home incarceration. ECF 31 (PSR) p.4. The conditions of probation listed in the PSR do not include the stipulated agreement by the parties that Mr. Screnock shall not engage in the wildlife trade for the period of any term of supervised release or probation imposed by the court in this matter.

III. GOVERNMENT'S RECOMMENDATION

The United States asks the court to impose the sentence recommended by Probation, along with the forfeiture of the items seized as described in Attachment A of the plea agreement; a letter of apology; restitution to the Indian Arts and Crafts Board as ordered by the court; no less than 100 hours of community service; and a prohibition on his ability to deal in wildlife products during any term of probation or supervised release imposed by the court.

In 1935, the Indian Arts and Crafts Board was established by the Act of August 27, 1935 (49 Stat. 891; 25 U.S.C. Section 305a) for the purposes of promoting the development of Indian arts and crafts, "improving the economic status of Native

Page 5 of 7                                  Govt. Sent. Memo.
                                                          United States v. Screnock
Case 3:19-cr-00038-SLG   Document 45   Filed 03/03/21   Page 5 of 7  3:19-cr-00038-SLG

Americans; establishing and expanding the marketing opportunities for Indian people; and assisting Indian tribes to develop a framework to support the preservation and evolution of tribal cultural activities. 1990 U.S.C.C.A.N. 6391, 6392.

In the over half century between the passage of the original Act and the passage of IACA in 1990 there were no Federal prosecutions for violation of the 1935 Act. Id. As a result, states including Alaska passed their own legislation regulating the sale of Indian art and crafts, which did not result in adequate enforcement nationwide. Federal law, in the eyes of Congress, "provide[d] no meaningful deterrent to those who misrepresent[ed] imitation Indian arts and crafts. Id. As a result, the 1990 amendments were introduced in order to "clarify and simplify the procedures for prosecution and to increase the penalties for counterfeiting and misrepresentation." Id.

Mr. Screnock spent years willfully impersonating Alaska Native artisans to profit himself and his business, even after multiple warnings from agents of U.S. Fish and Wildlife Service. The stipulated statement of facts makes it clear that the volume of Mr. Screnock's activities was significant; at the time of the execution of the search warrant Fish and Wildlife agents seized over 450 items produced by Mr. Screnock etched with the false "Savuk" name and worth over $125,000.

Mr. Screnock's fraud actively harmed the communities he falsely purported to represent as the artisan "Savuk." Every sale represented a loss to an Alaska Native artisan competing in the same market for the same customers, and a harm done to small communities statewide that depend in part on the sale of Alaska Native produced arts and

Page 6 of 7     Govt. Sent. Memo.
United States v. Screnock
3:19-cr-00038-SLG

Case 3:19-cr-00038-SLG   Document 45   Filed 03/03/21   Page 6 of 7

crafts. Mr. Screnock purported to support Alaska Native artisans while engaging in these activities for profit.

IV. CONCLUSION

For the reasons stated herein, the United States respectfully asks the Court to sentence the defendant to a sentence of five years' probation on count one; one year of probation on count two, and a composite fine of $2500 in addition to the special conditions of probation recommended in the PSR as well as an additional condition as stipulated by the parties prohibiting Mr. Screnock from dealing in any wildlife products during any term of supervised release or probation imposed by the sentencing court. This sentence is sufficient, but not greater than necessary, to punish the defendant for his serious criminal conduct, recognizes his history and characteristics, will protect the public, deter the defendant and others, and is similar to sentences given to other defendants.

RESPECTFULLY SUBMITTED this 3rd day of March, 2021, in Anchorage, Alaska.

E. BRYAN WILSON
Acting United States Attorney

 *s/ Adam Alexander*
ADAM ALEXANDER
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**
I hereby certify that on March 3, 2021,
a copy of the foregoing was served electronically on:

Gretchen Staft

*s/ Adam Alexander*
Office of the U.S. Attorney